IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL ACTION NO. 4:18-CR-00233- |
| § | ALM-AGD-14 |
| CHAD DEWAYNE ANDERSON § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the court is the request for revocation of Defendant Chad Dewayne Anderson's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on February 25, 2025, to determine whether Defendant violated his supervised release. Defendant was represented by Michael Pannitto. The Government was represented by Michael Anderson.

Defendant was sentenced on July 2, 2020, before The Honorable Amos L. Mazzant, III of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Distribute or Dispense or Possess with Intent to Distribute or Dispense Methamphetamine, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 25 and a criminal history category of III, was 70 to 87 months. He was subsequently sentenced to 70 months imprisonment followed by a three-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse testing and treatment, and a $100 special assessment. On September 2, 2022, Defendant completed his period of imprisonment and began service of the supervision term. On May 28, 2024, the original term of supervised release was revoked and Defendant was sentenced to seven months of imprisonment followed by an additional 24-month term of supervised release subject to the standard conditions of release, plus special

conditions to include financial disclosure, and substance abuse testing and treatment. Defendant completed his term of imprisonment on November 5, 2024, and commenced his new term of supervised release in the Eastern District of Texas. (Dkt. #866 at p. 1, Sealed).

On February 7, 2025, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #862, Sealed). The Petition asserts that Defendant violated six (6) conditions of supervision, as follows: (1) (mandatory) Defendant shall not commit another federal, state, or local crime; (2) (mandatory) Defendant must not unlawfully possess a controlled substance; (3) (mandatory) Defendant must refrain from any unlawful use of a controlled substance; (4) (standard) Defendant must truthfully answer the questions asked by Defendant's probation officer; (5) (standard) Defendant must not communicate or interact with someone Defendant knows is engaged in criminal activity. If Defendant knows someone has been convicted of a felony, Defendant must not knowingly communicate or interact with that person without first getting permission from the probation officer; and (6) (special) Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any costs associated with treatment and testing. (Dkt. #862 at pp. 1–3, Sealed).

The Petition alleges that Defendant committed the following acts: (1) & (2) On January 23, 2025, in Paris, Texas, Defendant committed the felony offense of Possession of a Controlled Substance in Penalty Group 1 or 1-B, in violation of Texas Health and Safety Code § 481.115(b). According to the Paris Police Department arrest report, Defendant was the driver of a vehicle involved in a traffic stop with a female in the front passenger seat. Due to their level of nervousness and suspicious movements, both Defendant and the female occupant were removed from the

vehicle. Defendant ultimately gave verbal consent for officers to conduct a search of the vehicle. Officers located a white crystal-like substance in a plastic bag directly in front of the driver's seat. A field test of the crystal substance confirmed positive for methamphetamine. Both Defendant and the female occupant denied having any knowledge of the methamphetamine being in the vehicle. According to the arrest report, the methamphetamine would not have been accessible to the female occupant. Therefore, Defendant was placed under arrest and transported to the Paris Police Department. On January 24, 2025, Defendant was released from jail on a $3,000 surety bond; (3) On January 23, 2025, Defendant contacted the U.S. Probation Office by phone and verbally admitted to using methamphetamine on January 20, 2025. On February 4, 2025, Defendant tested presumptive positive for marijuana. The same day, Defendant contacted the U.S. Probation Office by phone and admitted to smoking marijuana on January 20, 2025. Defendant denied further use of marijuana; (4) On January 27, 2025, Defendant contacted his U.S. Probation Officer by phone to report his arrest by the Paris Police Department. Defendant alleged that law enforcement planted the drugs on him. Defendant further alleged that officers approached Defendant's vehicle with their guns drawn and ordered Defendant and his passenger to exit the vehicle. Defendant denied knowledge methamphetamine was in his vehicle and instead alleged that an officer pulled the bag of methamphetamine from the officer's own pocket. In reviewing body camera footage of the traffic stop provided by the Paris Police Department, Defendant was not truthful in his account of the arrest. Neither officer involved in the traffic stop drew their firearm and the methamphetamine was found in his vehicle directly in front of the driver's seat as indicated in the report; (5) On January 23, 2025, Defendant was involved in a traffic stop. Defendant's passenger was identified as Chelsey Lingle, a convicted felon. Defendant did not have permission from the U.S. Probation Office to have contact with this individual; and (6) Defendant failed to report for drug testing at

Texas and Oklahoma Occupational Medicine in Paris, Texas on January 22, 2025, as part of the U.S. Probation Office's random drug testing program. (Dkt. #862 at pp. 1–3, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegations (3)–(6) in the Petition. Having considered the Petition and the plea of true to allegations (3)–(6), the court finds that Defendant did violate his conditions of supervised release.

The Government moved to dismiss allegations (1) and (2) in the Petition.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of twelve (12) months and one (1) day with no supervised release to follow.

The court further recommends that the Government's motion to dismiss allegations (1) and (2) in the Petition be granted.

The court finally recommends that Defendant be housed in a Bureau of Prisons facility in the Dallas/Fort Worth, Texas area, if appropriate.

**IT IS SO ORDERED.**

**SIGNED this 31st day of March, 2025.**

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE